CUMMINS, Assignee, etc., *v.* LODS and others.

*(Circuit Court, D. Iowa. May, 1880.)*

CONTRACT — FRAUD — RATIFICATION. — Inexcusable delay will operate as a ratification of a fraudulent contract.

*A. B. Cummins,* for complainant.
*Brown & Dudley,* for respondents.

McCrary, C. J., (*orally*.)    This is a bill in equity filed by complainant, as assignee of the firm of Thornburg & Van Leuven, bankrupts, to set aside the conveyance of a certain tract of land, and cancel a contract, on the ground of fraud. The parties who are represented by the plaintiff, as assignee, bought from the respondents an 80-acre tract of land without seeing it, and upon the faith of certain representations made by respondents.    It is alleged that these representations were false and fraudulent, and the prayer is for a decree to set aside the contract and restore the parties to their original rights.

Upon the question of fact involved in the case, as to whether the representations made by respondents concerning the quality and character of the land were intentionally false and fraudulent, there is a serious conflict in the testimony, and upon some of the most material points it would seem to be almost evenly balanced.

It is, however, in my judgment, not necessary to decide that question, since the case may well be disposed of upon a question of law which arises upon the record.    The claim of the plaintiff here is that the contract should be rescinded, and set aside, on account of fraud.    By the terms of the contract the said bankrupts were to transfer to respondents a certain stock of hardware, and respondents were to convey to the bankrupts an 80-acre tract of land in Tama county, Iowa.    The contract was executed.    The transfer of the stock of hardware was made.    A deed to the real estate was executed, acknowledged and delivered.

It is a well-settled rule of law that where the right to rescind a contract springs from discovered fraud, the party defrauded must rescind as soon as circumstances permit; or, in other words, at once, on discovery of the fraud.    He is not bound to rescind, and any delay, especially if it be injurious to the other party, amounts to a waiver of his right. "The mere lapse of time," says Mr. Parsons, "if it be considerable, goes far to establish a waiver of this right, and if it be connected with an obvious ability on the part of the defrauded person to discover the fraud at a much earlier

period, by the exercise of ordinary care and intelligence, it would be almost conclusive." 2 Parsons on Contracts, 781, 782, and cases cited.

The contract alleged in this case to have been fraudulent was executed on the thirteenth day of August, 1878. It is admitted in testimony that the parties purchasing, (the firm of Thornburg & Van Leuven,) now represented by the assignee, were fully advised of the condition of the land in about eight or ten days after the date of the contract, which would be as early as the twenty-first or twenty-third of August, 1878. They complained to one of the respondents, and said to him that the land was not as represented, and that it must be made right. This, however, did not amount to a rescission of the contract. It is not necessary to determine precisely what is required to constitute a rescission, but the least that can be said is that it was the duty of the bankrupts in this case, upon the discovery of the fraud, to notify the grantor that they had elected to rescind, demand a return of the stock of hardware which had been delivered to the grantor, and tender a reconveyance to him of the 80 acres of land.

Whether it was necessary to institute legal proceedings, upon the refusal of respondents to recognize such rescission, it is not neccessary to decide. It is enough to say that the evidence here does not show any rescission. In less than a week after the said Thornburg & Van Leuven were advised of the alleged fraud they went into bankruptcy, and on the fifth day of October, 1878, the present complainant was elected their assignee. He must be presumed to have inquired into their affairs and to have ascertained the facts immediately upon his appointment, or within a reasonable time thereafter, especially as no allegation is found in his petition that he did not discover the fraud until a later period. He did not, however, institute this proceeding until the third day of April, 1879, about six months from the time of his appointment.

I am clearly of the opinion that the evidence shows such delay as amounted to a ratification of the contract. On that ground, without deciding the question of fact, I find for the defendant, and there is decree accordingly.